IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-75,812-01






EX PARTE MICHAEL SHAWN SADLER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 14104-A-BCCR IN THE 220TH DISTRICT COURT

FROM BOSQUE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
Murder and sentenced to 30 years' imprisonment. The conviction and sentence were affirmed
on direct appeal. See Sadler v. State, No. 10-07-00323-CR (Tex. App--Waco, delivered
April 29, 2009).

 In this application for a writ of habeas corpus, Applicant is requesting that he be
allowed to file an out-of-time Petition for Discretionary Review ("PDR"). He states that his
attorney filed a motion for extension of time to file a PDR after the intermediate appellate
court's decision was delivered, but that no PDR was filed even though the extension was
granted. Applicant indicates that both he and his attorney intended that a PDR was to be
filed. The application states that an affidavit is attached, but it is not included in the record
provided to this Court.

 This Court has held, "If appellate counsel's action or inaction denies defendant his
opportunity to prepare and file petition for discretionary review, defendant has been denied
his Sixth Amendment right to effective assistance of counsel." Ex parte Wilson, 956 S.W.2d
25, 26 -27 (Tex. Crim. App. 1997). Thus, Applicant has alleged facts that, if true, might
entitle him to relief.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order the district clerk to supplement the record to this
Court with the affidavit omitted from the record to this Court, if the affidavit was filed in
this proceeding. If appellate counsel has not submitted an affidavit regarding Applicant's
claim, the trial court is further ordered to obtain such an affidavit and supplement the record
to this Court with it. The trial court shall enter findings of fact regarding Applicant's claim,
and it shall also make any other findings of fact that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief. These findings shall be forwarded
to this Court with the supplement containing the affidavit or affidavits.

 To assist the trial court in making its findings of fact, it may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d), in addition to obtaining the aforementioned
affidavits, and in the appropriate case, the trial court may rely on its personal recollection. 
Id. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint
an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 



Filed: May 25, 2011


Do not publish